IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs February 12, 2019

**FREDERICK LEON TUCKER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2003-A-492       Monte Watkins, Judge**

_____

**No. M2018-01196-CCA-R3-ECN**
_____

Petitioner, Fredrick Leon Tucker, appeals the denial of his petition for a writ of error coram nobis based upon newly discovered evidence. We find that the error coram nobis court, in violation of Tennessee Supreme Court Rule 10B, failed to rule on Petitioner's motion to recuse before entering an order denying the petition. Therefore, we vacate the order denying the petition for a writ of error coram nobis and remand for consideration of the petition. Furthermore, in order to avoid even the possibility of an appearance of impropriety, the original error coram nobis judge is recused from further proceedings in this case.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Vacated and Remanded**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Fredrick Leon Tucker, *Pro Se.*

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Procedural History*

Petitioner was convicted of rape of a child and sentenced to twenty-one years in the Department of Correction. This court affirmed the conviction on appeal. *State v. Frederick Leon Tucker*, No. M2005-00839-R3-CD, 2006 WL 547991 (Tenn. Crim. App. Mar. 7, 2006). Petitioner filed a petition for post-conviction relief, which was denied by the post-conviction court. This court affirmed the denial on appeal. *Fredrick Tucker v.*

*State*, No. M2007-00681-CCA-R3-PC, 2008 WL 2743644 (Tenn. Crim. App. July 14, 2008). Thereafter, Petitioner sought a writ of error coram nobis alleging that the victim's forensic interview was not presented at trial or his post-conviction hearing, denying him due process. After a hearing, the error coram nobis court found no due process concerns and that the petition was not filed within the applicable statute of limitations. This court affirmed the denial on appeal. *State v. Frederick Leon Tucker*, No. M2013-01077-CCA-R3-CO, 2014 WL 2001439 (Tenn. Crim. App. May 14, 2014).

Petitioner filed a second petition for writ of error coram nobis, the subject of this appeal, alleging that he was not provided with the videotape of the forensic interview with the victim and that he was only provided with a partial transcript of the interview, which resulted in a due process violation. Filed with the petition was Petitioner's motion for recusal of the error coram nobis judge and an affidavit in support of the motion pursuant to Tennessee Supreme Court Rule 10B. The error coram nobis court entered an order summarily denying the petition for writ of error coram nobis, finding that there were no due process concerns that would entitle Petitioner to relief and that the petition was not filed within the applicable statute of limitations. The error coram nobis court did not address the motion for recusal, and there is not a separate order ruling on the recusal motion. The trial court clerk's "Certificate of Appellate Record" included within the record on appeal certifies that items transmitted to the Court of Criminal Appeals include "all of the designated papers on file in my office in the captioned case."

*Analysis*

On appeal, the first issue raised by Petitioner in his brief is that the error coram nobis court never ruled on his 10B motion for recusal. The State failed to address the issue in its brief.

Tennessee Supreme Court Rule 10B provides:

**1.01.** Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a timely filed written motion. The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. A party who is represented by counsel is not permitted to file a pro se motion under this rule.

**1.02.** While the motion is pending, the judge whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause stated in the order in which such action is taken.

**1.03.** Upon the filing of a motion pursuant to section 1.01, the judge shall act promptly by written order and either grant or deny the motion. If the motion is denied, the judge shall state in writing the grounds upon which he or she denies the motion.

In this case, the error coram nobis court did not rule on Petitioner's motion to recuse, as mandated by Rule 10B, before entering the order denying Petitioner's petition for writ of error coram nobis. In *State v. Chastity Coleman*, No. M2017-00264-CCA-R3-CD (Tenn. Crim. App. April 6, 2018), a panel of this Court addressed a trial court's refusal to rule on the State's motion to recuse. In that case, the defendant entered into a plea agreement with an agreed upon sentence. During the plea colloquy, the trial court met with the defendant outside the presence of trial counsel and the prosecutor. Thereafter, the trial court reduced the defendant's period of incarceration. *Id*. at *1. The State then withdrew from the guilty plea agreement and "withdrew the criminal information and sought a new indictment" against the defendant. The State also filed a motion for the trial judge to recuse herself from the case. At a subsequent hearing, the trial court determined that it had the authority under Rule 11 of the Tennessee Rules of Criminal Procedure to modify Petitioner's plea agreement and accepted the plea agreement, as altered. The trial judge declined to rule on the motion for recusal, concluding that "if her decision were reversed on appeal, then she would 'probably . . . recuse' herself." *Id*. at *2-3.

Concerning the trial judge's refusal to rule on the recusal motion, this Court held:

When a trial court ignores a pending motion to recuse and enters further orders in a case without making a finding of good cause as dictated by Rule 10B section 1.02, the orders entered during the pendency of the motion to recuse may be vacated on appeal. *See Ophelia Carney v. Santander Consumer USA*, No. M2010-01401-COA-R3-CV, 2015 WL 3407256, at *7 (Tenn. Ct. App. May 28, 2015) (vacating order entered while motion to recuse was pending); *Frances G. Rodgers v. Yarboro A. Sallee*, No. E2013-02067-COA-R3-CV, 2015 WL 636740 (Tenn. Ct. App. Feb. 13, 2015) (vacating orders entered after filing of motion to recuse but prior to trial court's decision to grant motion to recuse); *see also [Roger Lee] Neal v. [Kelli Jean] Hayes*, No. E2011-00898-COA-R3-CV, 2012 WL 260005 (Tenn. Ct. App. Jan. 30, 2012) (concluding prior to the enactment of Rule 10B that an order which simultaneously

ruled on contested issues and granted a motion to recuse must be vacated in regard to the contested issues).

*Coleman*, 2018 WL 1684365, at *9. This Court further held:

> The trial court did not deny the motion or indeed enter any order regarding it. Because the trial court ignored the motion to recuse in contravention of the Rule, we conclude that the failure to rule on the motion to recuse was itself error. Accordingly, the failure to rule on the motion to recuse provides a separate basis to vacate the judgments filed while the motion to recuse was pending.

*Id.*

Likewise in the present case, the error coram nobis court erred by not ruling on the motion to recuse before entering an order denying the petition for writ of error nobis. Therefore, we vacate the order denying the petition and remand this case for consideration of Petitioner's petition for writ of error coram nobis. Since the error coram nobis court ruled on a pending matter while the Rule 10B motion was pending, in order to avoid all possibility of an appearance of impropriety, we further order that the original error coram nobis court judge is recused from hearing this matter further on remand and that the case is to be assigned to another criminal court judge in Davidson County.

## CONCLUSION

For the foregoing reasons, we reverse the order of the error coram nobis court in dismissing the petition for writ of error coram nobis and remand this case for further proceedings consistent with this opinion.

_____
THOMAS T. WOODALL, JUDGE